| | |
|---|---|
| Curtis Q. Owens, # 184674, )<br>)<br>Plaintiff, )<br>)<br>Bernedett Jefferson, Lt SMU; Darren Seaward, )<br>"Maj"; N.F.N. Sly Robinson, "Inv D.D.I"; )<br>Jerry Washington, "A/W"; Robert Ward, "Dir )<br>of Ops"; Jon Ozmint, "Dir of SCDC"; in their )<br>individual personal capacity under the color of )<br>state law, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 0:09-2888-TLW-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Curtis Q. Owens ("Owens"), a self-represented state prisoner, filed this action against the defendants alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Owens of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 24.) Owens filed a response in opposition to the defendants' motion. (Docket Entry 28) and the defendants filed a reply. (Docket Entry 33.) Additionally, the defendants supplemented their motion for summary judgment by filing additional attachments. (Docket Entries 23 & 48.)

## BACKGROUND

Owens currently has at least three lawsuits pending in this court. Applying a liberal construction, the court discerns that Owens attempts to assert in this Complaint the following claims:

(1) retaliation for filing previous lawsuits; (2) failure to protect him from a fellow inmate who attacked him; and (3) deliberate indifference to medical needs. Although Owens appears to seek only damages in his prayers for relief, much of his Complaint is devoted to his concern that the defendants are not instituting criminal proceedings against the inmate that attacked him and not responding adequately to his grievances.

Specifically, Owens alleges that he has been transferred to Kershaw Correctional Institution ("KCI"), a facility of the South Carolina Department of Corrections ("SCDC"), in retaliation for filing previous lawsuits. (Compl., [Docket Entry 1](#) at 7-8.) The Complaint also asserts that the defendants were deliberately indifferent to his safety by permitting him to be attacked by a fellow inmate, Larry Rainey, on October 6, 2009, during which he was cut with a "home made razor knife." ([Id.](#) at 8-9.) Owens alleges that the defendants are responsible for the attack by failing to ensure that inmate Rainey was strip-searched and handcuffed pursuant to prison policy. He also appears to allege that the defendants were deliberately indifferent to his medical needs following that attack. ([Id.](#)) He also complains that SCDC is not following prison policies with regard to his "complaints." ([Id.](#) at 11-15.) Owens seeks compensatory and punitive damages and any other relief deemed fit by the court for these alleged violations.

Stripped of its legal conclusions and conclusory statements, Owens's nineteen-page Complaint essentially alleges the following facts:

(1) Owens is an inmate of SCDC housed at KCI and is a fifty-two year old mental health patient ([id.](#) at 6);

(2) Owens sustained previous injuries as a result of a DNA sample being forcibly taken ([id.](#) at 7), which is the subject of another lawsuit;

(3) Defendants Ozmint and Ward transferred him to KCI, and he has lawsuits currently pending against some of the prison staff at KCI (id. at 7-8);

(4) on October 6, 2009 he was attacked by inmate Larry Rainey and sustained cuts to his hip, ankle, and stomach (id. at 8-9);

(5) Officers Taylor and Pyles (who are not defendants in this action) had previously overheard Rainey threatening Owens (id. at 8);

(6) prison staff did not comply with Defendant Washington's instructions that all inmates going to the showers or recreation area be strip-searched and handcuffed (id. at 9);

(7) following the attack by Rainey at approximately 5:45 a.m., Owens asked Defendant Jefferson for medical attention but did not receive any assistance until the afternoon (id. at 11);

(8) Owens asked Jefferson to notify Defendant Seaward and an investigator and Jefferson informed Owens that they were aware of the attack (id. at 13); and

(9) Owens filed "petitions" about the attack but no warrant was "taken out" on Rainey (id.).

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.**     **Exhaustion of Administrative Remedies**

As an initial matter, the defendants assert that Owens has not exhausted his available administrative remedies with regard to the claims he asserts in this action as required by the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available

PJG

administrative review.  See Booth v. Churner, 532 U.S. 731 (2001).  Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*."  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)).  Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, although Owens contends in his Complaint that he has filed grievances regarding the matters asserted here, the defendants have presented affidavits and other evidence showing that Owens has not properly completed the administrative grievance process with regard to all of his claims.  Pursuant to SCDC policy, following seeking informal resolution, an inmate may file a "Step 1 Grievance" and submit it to the designated prison employee.  If the Step 1 Grievance is denied, the inmate may appeal to the Division Director of Operations via a "Step 2 Grievance."  The defendants have introduced evidence showing that Owens did not properly follow this process.  (See Colman Affs., Docket Entries 22-2 & 48-1; Owens's Grievances, Docket Entries 23-1, 23-2, & 48-2.)

Owens filed this action on November 6, 2009, a month after the inmate altercation that is the subject of many of his claims.  The unrefuted evidence reveals that Owens initially filed four grievances, KRCI 1845-09, KRCI 1846-09, KRCI 1847-09, and KRCI 1848-09, concerning many of the allegations contained in Owens's Complaint.  (See Docket Entry 23-1.)  Three of these grievances were returned to Owens based on his failure to specify how he attempted to informally resolve his issues and he was permitted to re-file them within five days to include this information.  (Id.)  The fourth grievance was returned unprocessed as duplicative.  (Id.)  Instead of refiling these

PJG

in accordance with instructions, Owens filed a new grievance, KRCI 1875-09, complaining that the first four were returned to him on technicalities and requesting that he be permitted to "swear out a warrant on [Rainey]." (Docket Entry 23-2.) This grievance was interpreted as containing an issue involving the inmate grievance coordinator; therefore, it was forwarded on as Step Two to the Inmate Grievance Branch. (Docket Entries 23-2 & 48-2.) SCDC Policy provides for up to 125 days to process a Step 2 grievance. (Coleman Aff. ¶ 14, Docket Entry 22-2.) SCDC responded to Owens's Step 2 grievance, KRCI 1875-09, on April 10, 2010, indicating that Owens did not re-submit Step 1 grievances KRCI 1845-09, KRCI 1846-09, KRCI 1847-09, and KRCI 1848-09 as instructed, and with regard to the warrant issue, stating that it is his responsibility to pursue a warrant against an individual. (See Docket Entry 48-2.)

In response, Owens does not refute the defendants' evidence; rather, he appears argues that SCDC grievance policy is not actually "available" or "effective" as required by § 1997e(a) and therefore, he was not required to exhaust his remedies. (Docket Entry 28 at 3-4.) However, Owens provides no support for this conclusory allegation. Further, this argument is without merit, especially in light of Owens's inaction with regard to the grievances that were returned unprocessed. See Malik v. Ward, C/A No. 8:08-cv-01886-RBH, 2010 WL 936777, *2 (D.S.C. Mar. 16, 2010) (stating that pursuant to § 1997e(a), "before a prisoner may proceed with his claims in a federal court, he must first properly exhaust his administrative remedies available through the SCDC grievance policy/process"); see also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (holding that inmates have no constitutional right to an effective grievance procedure).

Therefore, based on the evidence presented by the defendants, which has not been refuted by Owens, the court finds that Owens's claims that were contained in Grievances KRCI 1845-09,

Page 6 of 13

PJG

KRCI 1846-09, KRCI 1847-09, and KRCI 1848-09 have not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed. Thus, it appears the only claims that Owens has properly exhausted concern his allegations that the defendants allegedly violated his constitutional rights by failing to assist him in swearing out a warrant on Rainey and in failing to properly address his "complaints." However, as noted below, as a matter of law, these allegations do not support the violation of a constitutional right; therefore, he is not entitled to any relief under § 1983.

**B.     Other Arguments**

The defendants have presented additional arguments as to why they are entitled to summary judgment on Owens's claims, some of which have merit and some of which do not. First, with regard to the arguably exhausted claims, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990).[1] Further, to the extent that Owens alleges that one or more of the defendants is failing to process his grievances pursuant to the grievance policy, it is well settled that inmates have no constitutional right to a grievance procedure. See Adams, 40 F.3d 72. Moreover, the record reveals that his grievances are being processed; Owens simply does not like the responses. Therefore, these claims fail to rise to the level of a constitutional violation and the defendants are entitled to summary judgment on them.

Even if Owens had properly exhausted all of his claims, he would not be entitled to the relief he seeks on his claim that the defendants failed to protect him and his claim of retaliation. The defendants argue that the Complaint "fails to constitute or support a constitutional violation."

---

[1] Owens's allegations about a "cover up" also appear to stem from his frustration that SCDC officials did not pursue criminal charges against Rainey.



([Docket Entry 22-1](Docket Entry 22-1) at 7.)  In addition to his First Amendment retaliation claim, discussed below, Owens appears to raise two Eighth Amendment claims:  (1) a claim that the defendants failed to protect him from the inmate attack on October 6, 2009, and (2) a claim that the defendants were deliberately indifferent to his medical needs following the attack.

To establish a claim under the Eighth Amendment, an inmate must establish two requirements:  (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety.  Id.  A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk.  Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).  To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

The United States Supreme Court has recently made clear that when a plaintiff alleges a civil rights claim requiring him to establish a defendant's state of mind as an element of his claim, he must do so with specific factual allegations, not conclusory statements.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (discussing pleading requirements to survive a Rule 12(b)(6) motion and finding insufficient the plaintiffs' Complaint alleging a violation of the Fourteenth Amendment

which did "not contain any factual allegation sufficient to plausibly suggest [the defendants'] discriminatory state of mind").

To proceed to the discovery phase of litigation, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Plausibility is established when the plaintiff pleads factual content—not conclusory statements—that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The complaint must establish that there is more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 129 S. Ct. at 1949.

Here, Owens has failed to present any factual allegations which nudge his failure to protect and retaliation claims across the line from conceivable to plausible. See Iqbal 129 S. Ct. at 1951. His nineteen-page Complaint, although replete with a conglomeration of buzzwords and general references to various provisions of the Constitution, is wholly devoid of factual allegations which the court can accept as true that indicate a plausible claim of a constitutional violation. For example, Owens states: "Due to bad acts, habits, and practises of deceptive nature & origin in opposition to Agency Own Policy, Own rules-laws-statutes and procedural guidelines created this act of wreckless endangerment due to failure to comply & obey a directive of established procedure it is gross negligence & wilfull disregard and wanton heedlessness of discretionary abuse under the color of State Federal Law's that Agency Staff Agent's breach there own Security Procedure while under strict order's and notice by Assoc Warden Jerry Washington two weeks before this incident . . . ." (Compl., Docket Entry 1 at 9) (errors in original). Indeed, this Complaint is a model of the type of "formulaic recitations" and "bald allegations" rejected in Iqbal. 129 S. Ct. at 1951. At most, the few factual allegations buried in the Complaint plausibly assert negligence, which is not cognizable under



§ 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n.3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (stating that Daniels bars an action under § 1983 for negligent conduct); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). Owens merely provides general, conclusory allegations that the defendants acted deliberately, without alleging any facts that would support these statements. For example, he states that "[y]ou mean harm upon me by bringing me back to this facility and allowing my inmate attacker to not be charged [criminally] gives me the impression he was solicited and placed next door to me for the attempt." (Compl., Docket Entry 1 at 18.) Owens's mere impression, wholly unsupported by any factual allegations, that the defendants intended for him to be harmed is insufficient to state a constitutional claim.[2]

With regard to Owens's claim that the defendants transferred him to KCI in retaliation for his previous lawsuits, Owen must allege specific facts supporting his claim; conclusory allegations of retaliation are insufficient. Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994) (holding that bare assertions of retaliation do not establish a claim of constitutional dimension and observing that "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct"). Further, the Fourth Circuit has made clear that a prisoner claiming retaliation must allege sufficient facts to indicate that the alleged retaliation resulted in some adverse impact to his right of access to the courts. See Am. Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993); Talbert v. Hinkle, 961 F. Supp. 904, 911 (E.D. Va. 1997). Owens has not done so here. There is no allegation that Owens has suffered any

---

[2] Although Owens does allege that Sergeant Taylor and Officer Pyles overheard Rainey threatening Owens, (Compl., Docket Entry 1 at 8), they are not defendants in this action. Further, Owens alleges no facts stating a plausible claim that any of the other defendants had knowledge of these alleged threats.

PJG

adversity as required to establish a claim for retaliation under the First Amendment. Finally, to the extent he is arguing that his constitutional rights have been violated by housing him at KCI, inmates have no constitutional right to be housed in a particular institution. Meachum v. Fano, 427 U.S. 215, 225 (1976).

Accordingly, as pled, his claims of failure to protect and retaliation must be dismissed.[3]

Moreover, since Owens has failed to state a plausible claim of a constitutional violation, the defendants are entitled to qualified immunity on the above discussed § 1983 claims as pled by Owens in this Complaint. See Iqbal, 129 S. Ct at 1945-46; Pearson v. Callahan, 129 S. Ct. 808, 815 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Other arguments raised by the defendants in favor of summary judgment lack merit. For example, some of their arguments appear to be addressed to claims raised in some of Owens's other lawsuits. Additionally, with regard to Owens's claim alleging deliberate indifference in failing to provide medical care, the defendants rely on case law precluding recovery under § 1983 for *de minimis* injuries. However, the Fourth Circuit case upon which they rely, Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), has been expressly overruled by the United States Supreme Court. Wilkins v. Gaddy, 130 S. Ct. 1175 (2010). Furthermore, Owens alleges in his verified Complaint that he was attacked with a razor blade and sustained cuts to his hip and ankle as well as twelve-inch cut across his stomach. Even if Norman v. Taylor were still good law, such injuries would constitute more than

---

[3] Although the defendants did not challenge Owens's Complaint specifically on the basis on the holding of Iqbal, the court may nonetheless summarily dismiss a prisoner's complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. Further, although Owens contends that summary judgment on these claims is not proper because he has not been permitted to engage in the discovery process, discovery is not appropriate where, as here, the allegations of the Complaint fail to state a plausible claim for relief. See Iqbal, 129 S. Ct. at 1953.

PJG

*de minimis* injuries in any event, and the defendants have presented no affidavits refuting these allegations. Accordingly, the court does not recommend summary judgment on these grounds.

## RECOMMENDATION

The defendants have presented evidence, which Owens has not refuted, that Owens has failed to exhaust administrative remedies regarding most of the claims he asserts in this Complaint. The unexhausted claims must therefore be dismissed. The claims that arguably are exhausted—in which Owens seeks a warrant against Rainey and relief for the defendants' failure to respond to his complaints—fail as a matter of law. Therefore, the defendants are entitled to summary judgment on these "claims."

Moreover, even if all of his claims were properly exhausted, the Complaint as pled fails to state a plausible claim of a constitutional violation for failure to protect or retaliation. Accordingly, the court recommends that Owens's Complaint with regard to these claims be dismissed without prejudice for this reason as well as for failure to exhaust. To the extent Owens states plausible allegations of a state law claim, supplemental jurisdiction should not be exercised. See 28 U.S.C. § 1367(c)(3). In light of the court's recommendation, the court further recommends that any pending motions (Docket Entries 26, 30, & 36) be terminated as moot.

/s/ Paige J. Gossett
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 3, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).