IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Q. Owens, # 184674,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Bernedett Jefferson, Lt SMU; Darren Seaward, "Maj"; N.F.N. Sly Robinson, "Inv D.D.I"; Jerry Washington, "A/W";Robert Ward, "Dir of Ops"; Jon Ozmint, "Dir of SCDC"; in their individual personal capacity under the color of state law,<br><br>　　　　　Defendants. | C/A No. 0:09-2888-TLW-PJG<br><br><br><br>**AMENDED REPORT AND<br>RECOMMENDATION**[1] |

This matter is before the court on the plaintiff's "Motion for Federal Protection to Restrain Agency Retaliation C[um]ulative & Sentencing Corporal Punishment" (Docket Entry 37), "Motion to the Bench to [I]nquire about Judicial Protection Request" (Docket Entry 41), and "Motion for Federal Protection and Bench Letter to be Placed in Federal Holding Detention" (Docket Entry 44). In his motions, the plaintiff, Curtis Q. Owens ("Owens"), a self-represented state prisoner, states that he is in fear for his life, welfare, safety, and liberty. He apparently seeks relief in the form of (1) an order from this court directing that he be placed in "federal holding detention"; (2) a transfer to another prison facility; or (3) release from prison.[2] Because some of the relief Owens appears to seek is injunctive in nature, the court will treat these motion as seeking a preliminary injunction.

---

[1] The court issues this Amended Report and Recommendation to indicate recent changes in the procedural history of one of the cases relied on by the court.

[2] Release from prison is not a proper form of relief in a § 1983 case, but rather must be sought via a petition for a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . .") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). In any event, release from prison would not be a proper remedy based on the allegations presented.

A.      Owens's Motions

This court takes very seriously allegations by a prisoner that his or her life is in danger. However, nowhere in the twenty-two pages of his three motions does Owens ever identify a specific source of his fear or the nature of any danger to him personally. Rather, his filings consist of diatribes against prison officials, judges of this court, and the justice system generally. While he makes vague references to "hate crimes" directed against him, he does not identify what those alleged crimes are or any specific source of danger. Although he states that "[his] care takers are trying to kill me", that he is "being subjected to cruel [and] unusual corporal punishment," and that he was "tortured" from "2-09 to 8-10-09," Owens provides no specific facts in furtherance of his allegations. (Docket Entry 37 at 1, 5.) The following quotation is illustrative of his motion: "I am a victim of harm under the color of state & federal law [who] is at a level-state-point that is irreparable and constitutionally violative to my welfare-safety, and [] liberty interests which upon information and belief this court, and Judges are to protect, safeguard, pursuant [to] Constitutional Law." (Docket Entry 44 at 2.) Although he describes a situation where a prison guard was apparently shot for "contacting" high level prison officials, he provides the court with no basis to connect that alleged incident in any way with Owens. He states, "Do you think [the prison guard who was shot] will be the last to be assaulted or executed[?] [T]hat was a signature 'Hit' more to come." (Id. at 4.) The court views this statement as one expressing fear rather than a threat; nonetheless, the fear Owens expresses appears to be general rather than specific, as he provides no information from which the court can infer that Owens himself is the target of any threat of violence. The closest Owens comes to stating any grounds for his stated fear is that he has apparently been returned to a facility or a prison population where he has previously been threatened or assaulted by prison guards. For example, he states that one of the guards "slap my glasses off my face last time

I was here." (Id. at 9.)  In short, Owens's filing expresses a general fear of the prison guards and a dissatisfaction with the court and the justice system generally.

**B.      Standard for Preliminary Injunction**

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009) (vacated on other grounds by __ S. Ct. __, 2010 WL 1641299 (Apr. 26, 2010) and reissued in part by __ F.3d __, 2010 WL 2280619 (4th Cir. June 08, 2010)), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[3]  A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347.  Only

---

[3] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

then may the court consider whether the balance of equities tips in the plaintiff's favor. See <u>Real Truth</u>, 575 F.3d at 346-47.[4] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. <u>Real Truth</u>, 575 F.3d at 347 (quoting <u>Winter</u>, 129 S. Ct. at 376-77).

Here, Owens has not demonstrated a likelihood of success on the merits of his various lawsuits. Nor has he alleged facts identifying any source of harm presenting a threat to him personally. Conclusory allegations of the dangers of prison generally are simply insufficient to justify the extreme remedy of preliminary injunctive relief.

### RECOMMENDATION

Owens's vague and conclusory statements are simply insufficient to warrant the extraordinary remedies he seeks. Without more, the court must recommend that the plaintiff's motions (Docket Entries 37, 41, & 44) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 10, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] Based on <u>Winter</u>, the <u>Real Truth</u> Court expressly rejected and overruled <u>Blackwelder</u>'s sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. <u>Real Truth</u>, 575 F.3d at 347; <u>Winter</u>, 129 S. Ct. at 375-76.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).