IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Q. Owens, # 184674, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 0:09-2888-TLW-PJG |
| | ) | |
| Bernedett Jefferson, Lt SMU; Darren Seaward, "Maj"; N.F.N. Sly Robinson, "Inv D.D.I"; Jerry Washington, "A/W"; Robert Ward, "Dir of Ops"; Jon Ozmint, "Dir of SCDC"; in their individual personal capacity under the color of state law, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Plaintiff, Curtis Q. Owens, ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 on November 6, 2009. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendations ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned. The Magistrate Judge entered the first Report on May 4, 2010. (Doc. # 52). The Magistrate Judge entered an Amended Report and Recommendation on June 10, 2010. (Doc. # 61). In the Amended Report, the Magistrate Judge recommends that the plaintiff's motion for federal protection to restrain agency retaliation, motion to the bench to inquire about judicial protection request, and motion for federal protection and bench letter to be placed in federal holding detention all be denied as vague and conclusory statements that are insufficient to warrant the extraordinary remedies sought. (Doc. # 61). In the second Report, the Magistrate Judge Recommends that the District Court dismiss the plaintiff's unexhausted claims, grant

summary judgment in favor of the defendants on those claims that arguably are exhausted, alternatively, dismiss the Complaint for failure to state a plausible claim of a constitutional violation for failure to protect or retaliation, to refuse to exercise supplemental jurisdiction to the extent that the plaintiff has asserted any plausible allegations of a state law claim, and finally to terminate any pending motions as moot. (Doc. # 53). The petitioner filed objections to the report. (Doc. # 58). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> <u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Reports. (Docs. # 61 and 53). Therefore, for the reasons articulated by the Magistrate Judge, the motion for summary judgment is **GRANTED** (Doc. # 22), and the Complaint is **DISMISSED**. Additionally, the plaintiff's motions to compel, (Docs. # 26, 30, and 36), are deemed **MOOT**, and the plaintiffs motion for protection, motion for judicial protection, and motion to be placed in federal holding detention as defendant fears for his life and safety are **DENIED**, (Docs. # 37, 41, and 44). Finally, the plaintiff's "Motion Seeking Redress and Clarity of Filed Motions of All Pendant Action," and "Motion to Recuse and File Complaint for Judicial

Prejudice Discretionary Clause," are **DENIED**. (Docs. # 55 and 57). As there are no issues remaining, the clerk is directed to close the case.

    **IT IS SO ORDERED**.

s/Terry L. Wooten<br>
United States District Judge

August 9, 2010
Florence, South Carolina